IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FILTERS FAST, LLC,<br><br>Defendant. | Case No.: 3:17-cv-00601-FDW-DCK<br><br>JURY TRIAL DEMANDED |

## **FILTERS FAST, LLC'S ANSWER TO COMPLAINT**

Defendant Filters Fast, LLC ("Filters Fast"), by and through its attorneys, hereby answers the Complaint filed by Plaintiffs Whirlpool Properties, Inc., Whirlpool Corporation, and Maytag Properties, LLC (collectively, "Whirlpool"). Filters Fast denies the allegations and characterizations in Plaintiffs' Complaint unless expressly admitted in the following paragraphs:

## **PARTIES**

1. Filters Fast admits that Plaintiff Whirlpool Properties, Inc. claims to be the owner of U.S. Trademark Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550 and 626,550 ("the Whirlpool Registrations"), U.S. Trademark Registration Nos. 5,232,741 and 4,679,632 ("the EveryDrop Registrations"), and U.S. Trademark Registration Nos. 2,520,284; 2,520,285 and 1,585,507 ("the KitchenAid Registrations"), and that records filed with the United States Patent and Trademark Office identify Whirlpool Properties, Inc. as the owner of the asserted trademarks. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 1 of the Complaint, and on that basis denies them.

1

2. Filters Fast admits that Plaintiff Whirlpool Corporation claims to be the owner of United States Patent No. 7,000,894 ("the '894 patent"), and that records filed with the United States Patent and Trademark Office identify Whirlpool Corporation as the owner of the '894 patent. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 2 of the Complaint, and on that basis denies them.

3. Filters Fast admits that Plaintiff Maytag Properties, LLC claims to be the owner of U.S. Trademark Registration Nos. 868,637; 2,638,631; 4,210,316; and 2,258,041 ("the Maytag Registrations"), and that records filed with the United States Patent and Trademark Office identify Maytag Properties, LLC as the owner of the asserted trademarks. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 3 of the Complaint, and on that basis denies them.

4. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 4 of the Complaint, and on that basis denies them.

5. Filters Fast admits that it is a limited liability company organized and existing under the laws of North Carolina, and having a place of business at 5905 Stockbridge Drive, Monroe, North Carolina.

**JURISDICTION & VENUE**

6. Filters Fast admits that Count I of this action purports to show a cause of action under the patent laws of the United States, Title 35, United States Code, but denies any wrongdoing or liability for at least the reasons stated herein. Filters Fast admits that to the extent the Complaint alleges a claim under the Patent Act, this court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Filters Fast admits that Count II of this action purports to show a cause of action under the Lanham Act, 15 U.S.C. § 1114, and Counts III and IV of this action purport to show causes of action under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), but denies any wrongdoing or liability for at least the reasons stated herein. Filters Fast admits that to the extent the Complaint alleges a claim under the Lanham Act, this court has subject matter jurisdiction under 15 U.S.C. § 1121 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a). Filters Fast denies the remaining allegations of Paragraph 7 of the Complaint.

8. Filters Fast admits that Count V of this action purports to show a cause of action for common law trademark infringement under N.C.G.S.A. § 75-1.1, and Count VI purports to show a cause of action for unfair or deceptive trade practices under N.C.G.S.A. § 75-1.1, but denies any wrongdoing or liability for at least the reasons stated herein. Filters Fast admits that, with respect to Counts V and VI, and only for purposes of this action, supplemental jurisdiction is proper under 28 U.S.C. § 1367.

9. Filters Fast admits the allegations of Paragraph 9 of the Complaint.

10. Filters Fast admits that it has offered for sale and sold throughout the United States water filters that are compatible with one or more Whirlpool refrigerators and can be used as replacements for Whirlpool water filters, including Aqua Fresh Model Nos. WF537 and WF710. Filters Fast otherwise denies the remaining allegations of Paragraph 10 of the Complaint.

11. Filters Fast admits that it has offered for sale and sold in North Carolina and within this District water filters that are compatible with one or more Whirlpool refrigerators and can be used as replacements for Whirlpool water filters, including Aqua Fresh Model Nos.

3

WF537 and WF710. Filters Fast otherwise denies the remaining allegations of Paragraph 11 of the Complaint.

12. Filters Fast denies the allegations of Paragraph 12 of the Complaint.

13. Filters Fast denies the allegations of Paragraph 13 of the Complaint.

14. Filters Fast admits that it is a North Carolina company with a principal place of business in North Carolina. Filters Fast admits that it has offered for sale and sold water filters in North Carolina, including the Western District of North Carolina, and that it advertises water filters via its website, which is accessible by consumers in the State of North Carolina, including the Western District of North Carolina. Solely for the purposes of this action, and without waiving any defenses of lack of jurisdiction in connection with any other cause of action or claim, Filters Fast does not contest this Court's exercise of personal jurisdiction over it in this case. Filters Fast otherwise denies the allegations of Paragraph 14 of the Complaint.

15. Filters Fast admits that it is a North Carolina company with a principal place of business in the Western District of North Carolina. Solely for the purposes of this action, and without waiving any defenses of improper venue in connection with any other causes of action or claim, Filters Fast admits that venue is proper in this District under 28 U.S.C. § 1400(b). Filters Fast otherwise denies the allegations of Paragraph 15 of the Complaint.

16. Solely for the purposes of this action, and without waiving any defenses of improper venue in connection with any other causes of action or claim, Filters Fast admits that venue is proper in this District under 28 U.S.C. § 1391. Filters Fast otherwise denies the allegations of Paragraph 16 of the Complaint.

# COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,000,894

17. Filters Fast repeats and re-alleges its responses to Paragraphs 1–16, as though fully recited herein.

18. Filters fast admits that Exhibit A to the Complaint appears to be a copy of the '894 patent, entitled "Fluidic Cartridges and End Pieces Thereof," and that it states on its face that it was issued on February 21, 2006. Filters Fast admits the ex parte reexamination certificate states on its face that it was issued on March 3, 2014. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 18 of the Complaint, and on that basis denies them.

19. Filters Fast admits that Whirlpool claims to be the owner of the '894 patent and that records filed with the United States Patent and Trademark Office identify Whirlpool as the owner of the '894 patent. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 19 of the Complaint, and on that basis denies them.

20. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 20 of the Complaint, and on that basis denies them.

21. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 21 of the Complaint, and on that basis denies them.

22. Filters Fast denies the allegations of Paragraph 22 of the Complaint.

23. Filters Fast denies the allegations of Paragraph 23 of the Complaint.

24. Filters Fast denies the allegations of Paragraph 24 of the Complaint.

25. Filters Fast denies the allegations of Paragraph 25 of the Complaint.

26. Filters Fast denies the allegations of Paragraph 26 of the Complaint.

27. Filters Fast denies the allegations of Paragraph 27 of the Complaint.

28. Filters Fast denies the allegations of Paragraph 28 of the Complaint.

## **FACTS AND ALLEGATIONS COMMON TO COUNTS II-VI**

29. Filters Fast repeats and re-alleges its responses to Paragraphs 1–28, as though fully recited herein.

30. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 30 of the Complaint, and on that basis denies them.

31. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 31 of the Complaint, and on that basis denies them.

32. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 32 of the Complaint, and on that basis denies them.

33. Filters Fast admits that Plaintiff Whirlpool Properties, Inc. claims to be the owner of U.S. Trademark Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550 and 626,550, and that records filed with the United States Patent and Trademark Office identify Whirlpool Properties, Inc. as the owner of the asserted trademarks. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 of the Complaint, and on that basis denies them.

34. Filters Fast admits that records filed with the United States Patent and Trademark Office claim U.S. Trademark Registration Nos. 1,251,511; 1,670,524; 937,550; and 626,550 are "incontestable" marks within the meaning of 15 U.S.C. §§ 1065 and 1115(b). Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 34 of the Complaint, and on that basis denies them.

6

Case 3:17-cv-00601-FDW-DCK   Document 29   Filed 11/22/17   Page 6 of 19

35. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 35 of the Complaint, and on that basis denies them.

36. Filters Fast admits that Plaintiff Whirlpool Properties, Inc. claims to be the owner of U.S. Trademark Registration Nos. 2,520,284; 2,520,285 and 1,585,507, and that records filed with the United States Patent and Trademark Office identify Whirlpool Properties, Inc. as the owner of the asserted trademarks. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 36 of the Complaint, and on that basis denies them.

37. Filters Fast admits that records filed with the United States Patent and Trademark Office claim U.S. Trademark Registration Nos. 2,520,284; 2,520,285 and 1,585,507 are "incontestable" marks within the meaning of 15 U.S.C. §§ 1065 and 1115(b). Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 37 of the Complaint, and on that basis denies them.

38. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 38 of the Complaint, and on that basis denies them.

39. Filters Fast admits that Plaintiff Maytag Properties, LLC claims to be the owner of U.S. Trademark Registration Nos. 868,637; 2,638,631; 4,210,316; and 2,258,041, and that records filed with the United States Patent and Trademark Office identify Maytag Properties, LLC as the owner of the asserted trademarks. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 39 of the Complaint, and on that basis denies them.

40. Filters Fast admits that records filed with the United States Patent and Trademark Office claim U.S. Trademark Registration Nos. 868,637; 2,638,631; and 2,258,041 are

"incontestable" marks within the meaning of 15 U.S.C. §§ 1065 and 1115(b). Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 40 of the Complaint, and on that basis denies them.

41. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 41 of the Complaint, and on that basis denies them.

42. Filters Fast admits that Plaintiff Whirlpool Properties, Inc. claims to be the owner of U.S. Trademark Registration Nos. 5,232,741 and 4,679,632, and that records filed with the United States Patent and Trademark Office identify Whirlpool Properties, Inc. as the owner of the asserted trademarks. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 42 of the Complaint, and on that basis denies them.

43. Filters Fast lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 43 of the Complaint, and on that basis denies them.

44. Filters Fast admits that it has offered for sale and sold water filters that are compatible with one or more Whirlpool refrigerators and can be used as replacements for Whirlpool water filters. Filters Fast admits that the photographs attached to the Complaint as Exhibit B appear to be true and accurate representations of water filters that it has sold and offered for sale. Filters Fast otherwise denies the allegations of Paragraph 44 of the Complaint.

45. Filters Fast denies the allegations of Paragraph 45 of the Complaint.

46. Filters Fast admits that it offers to sell and has sold water filters compatible with one or more Whirlpool refrigerators, and that it has advertised on the internet that its water filters are compatible with one or more Whirlpool refrigerators. Filters Fast further admits that it lawfully has offered to sell, sold, and advertised Whirlpool water filters on its website. Filters

Fast denies that any Whirlpool or KitchenAid trademarks currently appear in any of its AdWords or Facebook advertisements. Filters Fast otherwise denies the allegations of Paragraph 46 of the Complaint.

47. Filters Fast admits that it offers to sell and has sold water filters compatible with one or more Whirlpool refrigerators, and that it has advertised on the internet that its water filters are compatible with one or more Whirlpool refrigerators. Filters Fast further admits that it lawfully has offered to sell, sold, and advertised Whirlpool water filters on its website. Filters Fast further admits that its website includes links to webpages providing information regarding Whirlpool water filters and Whirlpool-compatible water filters. Filters Fast otherwise denies the allegations of Paragraph 47 of the Complaint.

48. Filters Fast denies the allegations of Paragraph 48 of the Complaint.

49. Filters Fast admits it has lawfully sold, offered for sale, and advertised several models of Whirlpool's EveryDrop water filters, including the Whirlpool EveryDrop Filter 3, on its website. To the extent a further response is required, Filters Fast denies the remaining allegations of Paragraph 49 of the Complaint.

50. Filters Fast admits it has lawfully sold, offered for sale, and advertised several models of Whirlpool's EveryDrop water filters, including the Whirlpool EveryDrop Filter 3, on its website. Filters Fast further admits it has sold, offered for sale, and advertised the Aqua Fresh WF710 filter on its website, which is compatible with one or more Whirlpool refrigerators and can be used as a replacement for the Whirlpool EveryDrop Filter 3. Filters Fast further admits that its website provides this information to consumers, and provides consumers with the option to purchase either the Whirlpool filter or the Aqua Fresh filter. Filters Fast otherwise denies the allegations of Paragraph 50 of the Complaint.

51.     Filters Fast admits it has lawfully sold, offered for sale, and advertised several models of Whirlpool's EveryDrop water filters, including the Whirlpool EveryDrop Filter 1, on its website. To the extent a further response is required, Filters Fast denies the remaining allegations of Paragraph 51 of the Complaint.

52.     Filters Fast admits it has lawfully sold, offered for sale, and advertised several models of Whirlpool's EveryDrop water filters, including the Whirlpool EveryDrop Filter 1, on its website. Filters Fast further admits it has sold, offered for sale, and advertised the Aqua Fresh WF537 filter, which is compatible with one or more Whirlpool refrigerators and can be used as a replacement for the Whirlpool EveryDrop Filter 1. Filters Fast admits that its website provides this information to consumers, and provides consumers with the option to purchase either the Whirlpool filter or the Aqua Fresh filter. Filters Fast otherwise denies the allegations of Paragraph 52 of the Complaint.

53.     Filters Fast admits that it has offered for sale and sold water filters that are compatible with one or more Whirlpool refrigerators, and that it has advertised on the internet that its water filters are compatible with one or more Whirlpool refrigerators. Filters Fast also admits that its website was accessible to consumers nationwide, including to consumers in this District. Filters Fast otherwise denies the allegations of Paragraph 53 of the Complaint.

54.     Filters Fast denies the allegations of Paragraph 54 of the Complaint.

55.     Filters Fast denies the allegations of Paragraph 55 of the Complaint.

56.     Filters Fast admits that it has offered for sale, sold, and advertised water filters that are compatible with one or more Whirlpool refrigerators. Filters Fast otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in Paragraph 56 of the Complaint, and on that basis denies them.

57. Filters Fast admits that it has lawfully offered for sale, sold, and advertised Water Sentinel WSM-1 water filters and various Maytag water filters on its website. Filters Fast admits that for a limited period of time, its website inadvertently displayed an incorrect product image for the Water Sentinel WSM-1 water filter, but denies that it currently does so. Filters Fast otherwise denies the allegations of Paragraph 57 of the Complaint.

58. Filters Fast denies the allegations of Paragraph 58 of the Complaint.

59. Filters Fast denies the allegations of Paragraph 59 of the Complaint.

60. Filters Fast denies the allegations of Paragraph 60 of the Complaint.

61. Filters Fast denies the allegations of Paragraph 61 of the Complaint.

62. Filters Fast denies the allegations of Paragraph 62 of the Complaint.

63. Filters Fast denies the allegations of Paragraph 63 of the Complaint.

64. Filters Fast denies the allegations of Paragraph 64 of the Complaint.

65. Filters Fast denies the allegations of Paragraph 65 of the Complaint.

66. Filters Fast denies the allegations of Paragraph 66 of the Complaint.

67. Filters Fast denies the allegations of Paragraph 67 of the Complaint.

## COUNT II

## [ALLEGED] INFRINGEMENT OF REGISTERED TRADEMARKS

68. Filters Fast repeats and re-alleges its responses to Paragraphs 1–67, as though fully recited herein.

69. Filters Fast denies the allegations of Paragraph 69 of the Complaint.

70. Filters Fast denies the allegations of Paragraph 70 of the Complaint.

## COUNT III

## [ALLEGED] FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C § 1125(a)

71. Filters Fast repeats and re-alleges its responses to Paragraphs 1–70, as though fully recited herein.

72. Filters Fast denies the allegations of Paragraph 72 of the Complaint.

73. Filters Fast denies the allegations of Paragraph 73 of the Complaint.

74. Filters Fast denies the allegations of Paragraph 74 of the Complaint.

## COUNT IV

## [ALLEGED] FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C § 1125(a)

75. Filters Fast repeats and re-alleges its responses to Paragraphs 1–74, as though fully recited herein.

76. Filters Fast denies the allegations of Paragraph 76 of the Complaint.

77. Filters Fast denies the allegations of Paragraph 77 of the Complaint.

78. Filters Fast denies the allegations of Paragraph 78 of the Complaint.

79. Filters Fast denies the allegations of Paragraph 79 of the Complaint.

80. Filters Fast denies the allegations of Paragraph 80 of the Complaint.

81. Filters Fast denies the allegations of Paragraph 81 of the Complaint.

## COUNT V

## [ALLEGED] COMMON LAW TRADEMARK INFRINGEMENT

82. Filters Fast repeats and re-alleges its responses to Paragraphs 1–81, as though fully recited herein.

83. Filters Fast denies the allegations of Paragraph 83 of the Complaint.

84. Filters Fast denies the allegations of Paragraph 84 of the Complaint.

85. Filters Fast denies the allegations of Paragraph 85 of the Complaint.

## COUNT VI

## [ALLEGED] UNFAIR OR DECEPTIVE TRADE PRACTICES UNDER N.C.G.S.A. § 75-1.1

86. Filters Fast repeats and re-alleges its responses to Paragraphs 1–85, as though fully recited herein.

87. Filters Fast denies the allegations of Paragraph 87 of the Complaint.

88. Filters Fast denies the allegations of Paragraph 88 of the Complaint.

89. Filters Fast denies the allegations of Paragraph 89 of the Complaint.

90. Filters Fast denies the allegations of Paragraph 90 of the Complaint.

## WHIRLPOOL'S PRAYER FOR RELIEF

The allegations in Whirlpool's Prayer for Relief are legal conclusions to which no response is required. To the extent any further response is required, Filters Fast denies the underlying averments of Whirlpool's Prayer for Relief, denies that Whirlpool is entitled to any relief whatsoever and requests that the Court deny all relief to Whirlpool and enter judgment in favor of Filters Fast. To the extent that any averments of the Prayer for Relief have not been previously specifically admitted or denied, Filters Fast denies them.

## JURY DEMAND

Filters Fast does not object to a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

## AFFIRMATIVE DEFENSES

Filters Fast asserts the following Affirmative Defenses in response to Whirlpool's Complaint. Filters Fast reserves the right to amend its response to add additional Affirmative Defenses or Counterclaims, including additional defenses or claims based on invalidity or

inequitable conduct, as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Filters Fast has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted because Filters Fast has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Whirlpool.

## SECOND AFFIRMATIVE DEFENSE

Filters Fast does not infringe and has not infringed, literally or under the doctrine of equivalents, directly, by contributory infringement, by inducement, or by any other way, any valid or enforceable claim of the '894 patent.

## THIRD AFFIRMATIVE DEFENSE

One or more claims of the '894 patent are invalid and/or unenforceable for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Filters Fast has not willfully infringed any valid or enforceable claim of the '894 patent.

## FIFTH AFFIRMATIVE DEFENSE

Whirlpool's claims for injunctive relief are barred because there exist adequate remedies at law and because Whirlpool's claims otherwise fail to meet the requirements for such relief.

## SIXTH AFFIRMATIVE DEFENSE

Whirlpool is barred from recovering costs associated with this action under 35 U.S.C. § 288.

### SEVENTH AFFIRMATIVE DEFENSE

Whirlpool cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

### EIGHTH AFFIRMATIVE DEFENSE

Filters Fast has not performed any act, and is not proposing to perform any act, that has actually caused or is likely to cause consumer confusion, deception, or mistake among consumers or the trade as to any affiliation, connection, or association between Filters Fast and Whirlpool, or with respect to the origin, sponsorship, or approval of the accused water filters.

### NINTH AFFIRMATIVE DEFENSE

Filters Fast has not performed any act, and is not proposing to perform any act, that has actually damaged or is likely to damage the goodwill, if any, associated with Whirlpool's asserted trademarks.

### TENTH AFFIRMATIVE DEFENSE

Filters Fast has not in any way falsely described or represented the origin, nature, characteristics, or features of the accused water filters.

### ELEVENTH AFFIRMATIVE DEFENSE

Filters Fast has not made any false representations, or caused any false representations to be made, regarding the quality of the accused water filters, either generally or in comparison to any water filter sold by Whirlpool.

### TWELFTH AFFIRMATIVE DEFENSE

Filters Fast has not infringed any applicable trademarks under federal or state law.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Filters Fast has utilized any of Whirlpool's asserted trademarks on its website or in advertisements on the internet for the accused water filters, the trademarks were

used only to the extent necessary to truly and accurately describe the accused water filters offered for sale and to inform consumers of their compatibility with one or more Whirlpool refrigerators, thereby barring Whirlpool's claims, in whole or part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Filters Fast has utilized any of Whirlpool's asserted trademarks on its website or in advertisements on the internet, such use does not in any way suggest affiliation, sponsorship, or endorsement of the accused water filters by Whirlpool.

## FIFTEENTH AFFIRMATIVE DEFENSE

Whirlpool has not been harmed as a result of any act performed by Filters Fast, and cannot show an injury sufficient to sustain an award for damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Whirlpool has failed to act reasonably to mitigate the damages alleged in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Filters Fast's investigation is ongoing and discovery has not been taken. As many relevant facts are likely in the possession of Whirlpool, Filters Fast reserves the right to amend its Answer, including the assertion of additional affirmative defenses.

## FILTERS FAST'S PRAYER FOR RELIEF

WHEREFORE, Filters Fast prays that judgment be entered in its favors and that the Court:

A. Dismiss the Complaint with prejudice and issue a declaration that Whirlpool take nothing by its Complaint;

B. Enter judgment that Filters Fast has not and does not infringe, directly, indirectly or otherwise, any valid claim of the '894 patent;

C. Enter judgment that the '894 patent is invalid and/or unenforceable;

D. Enter judgment that Filters Fast has not and does not infringe U.S. Trademark Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550, or 626,550 under 15 U.S.C. § 1114;

E. Enter judgment that Filters Fast has not and does not infringe U.S. Trademark Registration Nos. 5,232,741 and 4,679,632 under 15 U.S.C. § 1114;

F. Enter judgment that Filters Fast has not and does not infringe U.S. Trademark Registration Nos. 2,520,284; 2,520,285; and 1,585,507 under 15 U.S.C. § 1114;

G. Enter judgment that Filters Fast has not and does not infringe U.S. Trademark Registration Nos. 5868,637; 2,638,631; and 2,258,041 under 15 U.S.C. § 1114;

H. Enter judgment that Filters Fast has not and does not engage in false designation of origin or trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a);

I. Enter judgment that Filters Fast has not and does not engage in false advertising under the Lanham Act, 15 U.S.C. § 1125(a);

J. Enter judgment that Filters Fast has not and does not infringe any of Whirlpool's marks under the common law of the State of North Carolina;

K. Enter judgment that Filters Fast has not and does not engage in unfair or deceptive trade practices under N.C.G.S.A. § 75-1.1;

L. Award Filters Fast its costs, expenses and reasonable attorney's fees incurred in this action under 28 U.S.C. § 1927, 35 U.S.C. § 285, 15 U.S.C. § 1117, or on any other applicable basis; and

M. Award Filters Fast any further relief as the Court may deem just and proper.

DATE:  November 22, 2017

Respectfully submitted,

/s/ Benjamin F. Sidbury
Benjamin F. Sidbury, (N.C. Bar #28071)
BRYAN CAVE LLP
One Wells Fargo Center,
301 S. College Street, Suite 3900
Charlotte, NC 28202
704.749.8999 Telephone
704.749.8990 Facsimile
ben.sidbury@bryancave.com

and

Rudolph A. Telscher, Jr. (41072MO)*
Steven E. Holtshouser (33531MO)*
Daisy Manning (62134MO)*
Eric Rakestraw (63182MO)*
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314.480.1500 Telephone
314.480.1505 Facsimile
rudy.telscher@huschblackwell.com
steve.holtshouser@huschblackwell.com
daisy.manning@huschblackwell.com
eric.rakestraw@huschblackwell.com
*Pro Hac Vice*

***Attorneys for Defendant Filters Fast, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2017 the foregoing was filed electronically with the Clerk of the Court and to be served via the Notice of Electronic Filing from the Court's Electronic Filing System upon all counsel of record.

                                              */s/* Benjamin F. Sidbury