**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-601-FDW-DCK**

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>FILTERS FAST, LLC,<br><br>          Defendants. | **ORDER CONCERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Based on the parties' joint motion and proposed order, the Court **ORDERS** as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

2. This order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"), unless specifically requested.

5. Absent other agreement of the parties or further order of this court, the parties will comply with the following specifications for the production of ESI:

   a. The parties agree to produce electronic documents in single page 300 dpi group IV (1 bit) TIFF format. All TIFF images must have corresponding load files that contain all available metadata. Documents shall be produced in black/white, unless a party requests copies of specific electronic documents in color, which shall be produced as single page JPGs.

   b. The parties agree to produce all other electronic files, such as Microsoft Excel, audio, or video files, or computer drafting drawings in native format. The native file must have all available metadata. All native files must have a corresponding image placeholder with the correct Bates number.

   c. The parties agree to produce paper and hard copy documents in single page 300 dpi Group IV (1 bit) TIFF format for black/white or single page JPG for color.

   d. The parties agree to extract text or OCR text files, if possible, for all documents produced. The parties agree to produce searchable OCR text files on the document level (single, multi-page text file).

   e. The parties agree to stamp every document produced with a unique Bates number. Bates numbers must be a constant length that is zero padded (*e.g.*, ABC000001). Bates numbers cannot contain special characters or spaces. Bates numbers must be sequential within a document. If a Bates number is skipped, that number should be contained in the privilege log or the responding party must notify the requesting party of the skipped Bates range.

f. Responsive documents in TIFF format shall be stamped with the appropriate confidentiality designation, if any, in the footer in accordance with the Confidentiality and Protective Order in this matter. Each responsive document produced in native format shall have its confidentiality designation identified in the filename of the native file. Confidentiality designations shall be included in the metadata fields provided in the load files.

6. The parties are not obligated to produce duplicates of the same electronic document or electronic mail file so long as the metadata is the same.

7. The parties are not obligated to search archives or repositories that contain electronic documents with creation or modification dates that indicate that the documents are not relevant to any claims or defenses in this case.

8. Preservation obligations extend to electronic systems with limited accessibility, but do not require duplicate systems–such as backup tapes covering the same time periods–to be preserved. All ESI will be preserved in its native format, including all metadata existing at the time of preservation. The parties agree that the following categories of ESI will not be discoverable or subject to retention or preservation, given the disproportionate cost of retaining, maintaining, searching and reviewing the categories in comparison to the information contained therein:

   a. Employee SMS or "text" messages;
   b. Telephone voice messages;
   c. Employee electronic calendar entries;
   d. "deleted," "slack," "fragmented," or "unallocated" data on hard drives;
   e. random access memory (RAM) or other ephemeral data;

  f. on-line access data such as temporary internet files, history, cache, cookies, etc.;

  g. data in metadata fields that are frequently updated automatically, such as last opened dates;

  h. backup data that is substantially duplicative of data that is more accessible elsewhere; and

  i. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business

  9. In no event shall this stipulation be construed to negate a party's assertion of privilege or attorney-work product as to any ESI, nor to waive any appropriate objection as to relevance, proportionality or overbreadth. ESI that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

Signed: June 11, 2018

_____
David C. Keesler
United States Magistrate Judge