**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-601-FDW-DCK**

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., ) <br> WHIRLPOOL CORPORATION, and ) <br> MAYTAG PROPERTIES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FILTERS FAST, LLC, ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** regarding Plaintiffs' request for a telephone conference pursuant to the "Case Management Order" (Document No. 47, pp. 4-5).

Plaintiffs informed the undersigned's staff on November 19, 2018, that the parties had two pending discovery disputes that were ripe for consideration by an informal telephonic conference. The undersigned agreed to hold a telephone conference and required each side to submit a two (2) page summary of the issues by email on December 3, 2018. A telephone conference was then held on December 4, 2018.

The undersigned first notes that the parties filed a "Joint Stipulation For Extension Of Discovery Deadlines" (Document No. 58) on August 14, 2018, agreeing to extend the deadline for the close of all discovery to December 12, 2018. See (Document No. 47, p. 2). On August 17, 2018, a "Certification Of Mediation Session" (Document No. 61-1) was filed reporting that the parties had reached an impasse, but that much progress had been made and that mediation would resume. On November 28, 2018, Defendant filed a timely "…Motion For Summary Judgment"

(Document No. 76). This matter is scheduled for trial during the term beginning March 4, 2019. (Document No. 47).

After considering the parties' written submissions and the arguments during the telephone conference, the undersigned has essentially granted in part, and denied in part, without prejudice, Plaintiffs' proposed resolution of the pending discovery disputes. Regarding Interrogatory No. 1, Plaintiffs' request for data regarding revenue, costs, and profits related to the WSW-5 model water filter, the undersigned determined that the requested information is relevant and proportional to the needs of this case and must, therefore, be produced.

The second issue involving the purported designation by Defendant of over 800,000 pages of documents as "Restricted – Attorneys' Eyes Only," is more complicated. Plaintiffs contend that Defendant has misused the Attorneys' Eyes Only ("AEO") designation, but concede that many of the documents are properly designated. Plaintiffs seek to have Defendant review all the documents and de-designate them as AEO, as appropriate. Defendant contends this request is overly broad and burdensome, and that the large number of documents produced with this designation is a direct result of Defendant's good faith effort to use all the search terms suggested by Plaintiffs.

During the telephone conference, the undersigned forecast that the Court is not inclined to grant Plaintiffs the full relief they seek on this issue. The parties were directed to confer in a final attempt to reach a reasonable resolution of this issue. While it appears the AEO designation is overly broad, it seems to be a result of Defendant's good faith effort to provide all the documents Plaintiffs requested. A just outcome of Defendant's efforts does not include reviewing all 800,000 pages of documents for de-designation. A more equitable resolution may be some version of what the parties have done to date, where apparently Plaintiffs have identified, and Defendant has re-considered, specific documents or categories of documents for review.

To the extent the parties suggested during the telephone conference that there may also be a pending dispute regarding depositions of third-party witnesses scheduled for December 6 and 7, 2018, this issue is not ripe for review.  As an initial matter, it did not sound as if the parties had conferred in good faith regarding this purported dispute pursuant to the Case Management Order and the Local Rules of this Court.  The parties were directed to attempt to resolve any dispute about these scheduled depositions without Court intervention, and in a timely manner that is respectful of the time and resources of all involved.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' request for information related to the WSW-5 model water filter is **GRANTED** as discussed herein and during the telephone conference;  and Plaintiffs' request for Defendant to review all Attorneys' Eyes Only designated documents is **DENIED WITHOUT PREJUDICE**.

Signed: December 4, 2018

David C. Keesler
United States Magistrate Judge