**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-601-FDW-DCK**

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** |
| FILTERS FAST, LLC, | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs, Whirlpool Properties, Inc., Whirlpool Corporation, And Maytag Properties, LLC's, Motion To File Documents Under Seal" (Document No. 91) filed December 12, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting consent of Defendant's counsel, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. <u>See</u> Local Rule 6.1 and (Document No. 87). It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

As reflected in the Rule, the Court is required to consider the factors contained in Local Civil Rule 6.1(c). The first factor is found in Local Civil Rule 6.1(c)(1), which requires that the parties adequately describe the materials sought to be sealed. The Rule requires "[a] non-confidential description of the material sought to be sealed." Local Rule. 6.1(c)(1). The Rule

is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is sufficient.

The Court next considers Local Rule 6.1(c)(2), which requires "[a] statement as to why sealing is necessary and why there are no alternatives to filing under seal." Local Rule 6.1(c)(2). Such statement has been provided and is adequate as it appears that the information that Defendant seeks to seal contains confidential and proprietary business information that is competitively sensitive.

As to Local Rule 6.1(c)(3), there are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the Clerk of Court to strike any such sensitive pleadings from the official Court record.

Finally, the Court has considered Local Rule 6.1(c)(4), which requires the parties to provide citations of law supporting the relief they seek. Plaintiffs have not cited any statutes or caselaw; however, they contend that sealing here is consistent with the requirements of the "Protective Order" (Document No. 53).

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run on this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiffs, Whirlpool Properties, Inc., Whirlpool Corporation, And Maytag Properties, LLC's, Motion To File Documents Under Seal" (Document No. 91) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Whirlpool Plaintiffs' Memorandum In Opposition To Defendant Filters Fast's Motion For Summary Judgment" (Document No. 90) shall be filed under seal. These documents shall remain under seal unless otherwise ordered by this Court.

**SO ORDERED**.

Signed: December 13, 2018

David C. Keesler
United States Magistrate Judge