IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-601-FDW-DCK

| | |
|---|---|
| WHIRLPOOL CORPORATION, WHIRLPOOL PROPERTIES, INC., and MAYTAG PROPERTIES, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) **ORDER** |
| FILTERS FAST, LLC, | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Filters Fast, LLC's Motion To Exclude Expert's Untimely And Improper Rebuttal Opinion On Contractually Released Damages And Leave To Amend Answer" (Document No. 106). This motion has been referred, in part, to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. The Honorable Frank D. Whitney has requested that the undersigned determine whether to allow an amendment to the Answer, while Judge Whitney will determine whether to exclude the disputed expert opinion. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> Defendant's motion to the extent it seeks leave to amend its Answer.

**BACKGROUND**

"Defendant Filters Fast, LLC's Motion To Exclude Expert's Untimely And Improper Rebuttal Opinion On Contractually Released Damages And Leave To Amend Answer" (Document No. 6) and redacted "…Memorandum In Support…" (Document No. 107) were filed on February 8, 2019. Defendant's sealed "…Memorandum In Support…" (Document No. 110) was filed on

February 12, 2019. Defendant's motion does not indicate that the requirement of consultation was satisfied pursuant to Local Rule 7.1(b).

"Whirlpool Plaintiffs' Memorandum In Opposition To Defendant Filters Fast, LLC's Motion To Exclude And Leave To Amend Answer" was filed as a redacted document on February 15, 2019, and as a sealed document on February 21, 2019. (Document Nos. 112 and 136). The docket entries note that reply briefs were due by February 22, and/or 28, 2019; however, it does not appear that Defendant ever filed a reply brief or notice of intent not to reply pursuant to Local Rule 7.1(e).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

In addition, the "Case Management Order" directs that a motion to amend the pleadings in this case filed after June 27, 2018, must satisfy Rule 15's standard as well as Rule 16(b)'s "good cause" standard. (Document No. 47, p. 6).

## DISCUSSION

By the pending motion, Defendant seeks leave to "exclude the untimely and improper rebuttal opinion on contractually released damages of Whirlpool's expert, Joseph Gemini, and further seeks leave from this Court to amend its answer" to add two new affirmative defenses. (Document No. 106, p. 1); see also (Document No. 107, pp. 11-12 and Document No. 107-9, p. 16). Defendant contends that it could not have included its proposed affirmative defenses for "contractual release" and "impermissible double recovery" when it filed its "…Answer To First Amended Complaint" (Document No. 45) on May 1, 2018, because the related "Settlement Agreement did not yet exist." (Document No. 107, p. 11). Defendant notes that the Settlement Agreement, which purportedly releases Defendant from some claims and/or damages, was reached on September 24, 2018, and not produced here until December 7, 2018. See (Document No. 107, pp. 10-12).

In opposition, Plaintiffs note that the parties did meet and confer on this issue on December 5, 2018, and that Defendant's counsel stated it intended to amend its Answer, but no such motion was filed until February 2019, after the Court denied Defendant's summary judgment motion. (Document No. 112, p. 2). Plaintiffs contend the instant "motion is the product of delay, bad faith, and futility." Id.

Based on Plaintiffs' arguments, and Defendant's late filing combined with its failure to abide by the Local Rules, the undersigned is not persuaded this motion should be allowed pursuant to the standards established above. Of course, the undersigned recognizes that in deciding the rest

3

of this motion, or in considering other issues as the trial of this matter begins, Judge Whitney may find good cause to allow the requested relief. As such, the undersigned will deny Defendant's motion -- to the extent it seeks leave to amend its Answer -- without prejudice.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Filters Fast, LLC's Motion . . . To Amend Answer" (Document No. 106) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: March 4, 2019

David C. Keesler
United States Magistrate Judge