IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FILTERS FAST, LLC,<br><br>Defendant. | Civil Action No.: 3:17-cv-00601-FDW-DCK |

### DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT JURY INSTRUCTIONS

Defendant Filters Fast, LLC ("Filters Fast") respectfully requests the Court grant leave to include in the instructions to the jury the following proposed instruction relating to model numbers of Whirlpool water filters:

> *Whirlpool has no protectable trademark interest in its models numbers. As a matter of law, Whirlpool cannot control the use of its model numbers by any other party and Filters Fast's use of Whirlpool model numbers is not a violation of trademark law.*

Pursuant to Federal Rule of Civil Procedure 51(a)(2)(B), any party may after the close of the evidence, with the court's permission, file additional requests for instructions on any issue. Filters Fast brings this motion before the close of evidence in light of the hearing on the proposed instructions occurring before the end of trial to preserve the issue.

### I. WHIRLPOOL HAS NO PROTECTABLE TRADEMARK INTEREST OR OTHER RIGHTS IN ITS REFRIGERATOR FILTER MODEL NUMBERS.

Throughout the trial, Whirlpool presented evidence, testimony, and questioning directed to documents attempting to convey that they have a protectable trademark interest in part numbers. Any such trademark infringement or unfair competition claim based on a Whirlpool

1

DocID: 4810-5351-7194.1
Case 3:17-cv-00601-FDW-DCK   Document 153   Filed 03/10/19   Page 1 of 5

OEM part number will fail as a matter of law. *Huber Corp. v. Lowery Wellheads, Inc.*, 778 F.2d 1467, 1469 (10th Cir. 1985) (holding that alphanumeric part numbers are descriptive and require proof of secondary meaning); *In re Petersen Mfg. Co.*, 229 U.S.P.Q. 466 (T.T.A.B. 1986) ("It has long been held that words, letters, numbers, symbols and combinations of the foregoing which are used merely as model or grade designations of a product are not valid trademarks in that they do not serve the function of identifying and distinguishing the goods of the seller from those of others.").

Multiple treatises are in agreement on this issue. *See* 1 Gilson on Trademarks § 2.03 (2018) ("A word, phrase, symbol, numeral or letter that merely differentiates between various grades, styles, colors, models or types of products, and does not designate their source, is not a protectible trademark without secondary meaning."); 1 McCarthy on Trademarks and Unfair Competition § 7:16 (5th ed.) ("In infringement litigation, where plaintiff's number designation has been used as a style or model number, such a number cannot be deemed inherently distinctive. In such a case, secondary meaning must be proven to achieve trademark status.").

Here, Whirlpool admits that Filters Fast can use its model numbers to identify to the consumer that its product is compatible with the OEM filter. March 7, 2019 Rough Trial Tr. at 135:21-25. Whirlpool Senior Brand Manager, Robert White, testified that he is not personally aware of any trademark registrations for its model numbers. *Id.* at 136:1-7. The *only* trademark registrations entered into evidence in this case do not contain a registration for a model number. *See* PX1-14. Lastly, Whirlpool did not attempt to prove or enter into evidence secondary meaning for any of its model numbers. And Whirlpool is intimately aware of the probative value of expert testimony on particular trademark issues, yet failed to offer one in this case.

> One would presume that a major appliance manufacturer using a mark continuously for two decades could easily document secondary meaning with

direct evidence, if the mark had truly gained distinctiveness for its products. Whirlpool has presented no such evidence. A mark owner's failure to present direct evidence, such as consumer testimony or survey evidence, when it has the means to do so, gives rise to an inference against the existence of secondary meaning."

*Whirlpool Properties, Inc. v. LG Elecs. U.S.A., Inc.*, No. 1:03-cv-414, 2005 WL 3088339, at *11 (W.D. Mich. Nov. 17, 2005). Without secondary meaning, Whirlpool has no protectable interest in its model numbers. For the foregoing reasons, Filters Fast respectfully requests the Court enter its proposed jury instruction relating to Whirlpool's model numbers.

Dated: March 10, 2019

Respectfully submitted,

*/s/ Thomas P. Heneghan*
Rudolph A. Telscher, Jr. (41072MO)*
Kara R. Fussner (54656MO)*
Paul L. Smelcer (69351MO)*
Brendan G. McDermott (70233MO)*
Steven E. Holtshouser (33531MO)*
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314.480.1500 Telephone
314.480.1505 Facsimile
rudy.telscher@huschblackwell.com
kara.fussner@huschblackwell.com
paul.smelcer@huschblackwell.com
brendan.mcdermott@huschblackwell.com
steve.holtshouser@huschblackwell.com

Thomas P. Heneghan (1024057WI)*
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
P.O. Box 1379
Madison, WI 53701
608.255.4440 Telephone
608.258.7138 Facsimile
tom.heneghan@huschblackwell.com
*Pro Hac Vice*

Benjamin F. Sidbury, (N.C. Bar #28071)
BRYAN CAVE LEIGHTON PAISNER LLP

One Wells Fargo Center
301 S. College Street, Suite 3900
Charlotte, NC 28202
704.749.8939 Telephone
704.749.9339 Facsimile
ben.sidbury@bclplaw.com

Deborah Bowers (N.C. Bar #24937)
Kenneth Kyre, Jr. (N.C. Bar #7848)
PINTO, COATES, KYRE & BOWERS, PLLC
3203 Brassfield Road
Greensboro, NC 27410
336.282.8848 Telephone
336.282.8409 Facsimile
dbowers@pckb-law.com
kkyre@pckb-law.com

***Attorneys for Defendant Filters Fast, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March 2019, I caused the foregoing to be filed electronically with the Clerk of the Court and to be served via the Notice of Electronic Filing from the Court's Electronic Filing System upon all counsel of record.

*/s/ Thomas P. Heneghan*