UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00601-FDW-DCK

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | CONSENT JUDGMENT AND |
| vs. | ) ) | PERMANENT INJUNCTION |
| FILTERS FAST, LLC, | ) ) | |
| Defendant. | ) ) | |

THIS MATTER is before the Court on the joint motion of Plaintiffs Whirlpool Properties, Inc., Whirlpool Corporation, and Maytag Properties, Inc. ("Maytag") (collectively, "Whirlpool"), and Defendant Filters Fast, LLC ("Filters Fast").  (Doc. No. 192).

WHEREAS, Whirlpool Properties is the owner of United States Trademark Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550 and 626,550 (the "Whirlpool Registrations"), United States Trademark Registration Nos. 5,232,741 and 4,697,632 (the "EveryDrop Registrations"), United States Trademark Registration Nos. 2,520,284; 2,520,285 and 1,585,507 (the "KitchenAid Registrations"), and other trademarks;

WHEREAS, Maytag is the owner of United States Trademark Registration Nos. 868,637; 2,638,631; 4,210,316; and 2,258,041 (the "Maytag Registrations"). The Maytag Registrations, the Whirlpool Registrations, the EveryDrop Registrations, and KitchenAid Registrations are collectively referred to herein as the "Whirlpool Marks";

WHEREAS, Filters Fast is a distributor and seller of replacement water filters manufactured by Space Flex, LLC ("Space Flex") bearing model no. WF537 (the "WF537 Filter"),

1

which is compatible with the Whirlpool "Filter 1" design, and model no. WF710 (the "WF710 Filter"), which is compatible with the Whirlpool "Filter 3" design and other water filter products;

WHEREAS, Filters Fast has used the Whirlpool Marks, without Whirlpool's consent, in connection with the advertising, promotion, sales, and distribution of WF537 Filters and WF710 Filters and other water filter products;

WHEREAS, Whirlpool sued Filters Fast in this Court for trademark infringement, false designation of origin, false advertising, and unfair and deceptive trade practices, and that action remains pending as <u>Whirlpool Properties, Inc. v. Filters Fast, LLC</u>, Civil Action No. 3:17-cv-601-FDW-DCK (the "Litigation");

WHEREAS, a jury verdict in the Litigation (Doc. No. 161) was filed on March 13, 2019, which jury verdict found that Filters Fast engaged in trademark infringement, false designation of origin, false advertising, and unfair and deceptive trade practices;

WHEREAS, Filters Fast acknowledges that its use of the Whirlpool Marks, without Whirlpool's consent, constitutes (a) infringement thereof in violation of 15 U.S.C. § 1114, (b) a false designation of origin and infringement of Whirlpool's common law rights in the Whirlpool Marks, and (c) false advertising in violation of 15 U.S.C. §1125(a);

WHEREAS, Filters Fast acknowledges that it has engaged in willful unauthorized advertising, promotion, sales, and distribution of water filters bearing the Whirlpool Marks in manners that constitute unfair and deceptive acts and practices which affect commerce under N.C.G.S.A. § 75-1.1;

WHEREAS, Whirlpool and Filters Fast have reached an agreement to settle the Litigation as set forth in this Consent Judgment and Permanent Injunction and a separate Settlement Agreement that is contemporaneously and separately being executed;

WHEREAS, Whirlpool and Filters Fast request this Consent Judgment and Permanent Injunction be entered in the above-captioned case; and

WHEREAS, Whirlpool and Filters Fast each acknowledge this Court has subject matter jurisdiction in this proceeding and, further, consent to personal jurisdiction in the Western District of North Carolina for purposes of enforcing the Settlement Agreement in the future.

IT IS HEREBY ORDERED, DECREED and ADJUDGED as follows:

1. This Court has jurisdiction over Whirlpool, Filters Fast, and the subject matter of Litigation.

2. Plaintiffs collectively have ownership and standing to sue for infringement of the Whirlpool Registrations, the EveryDrop Registrations, the KitchenAid Registrations, the Maytag Registrations, and other trademarks.

3. Filters Fast violated and is liable for each of the following: (a) trademark infringement under 15 U.S.C. § 1114; (b) false designation of origin and infringement of Whirlpool's common law rights in the Whirlpool Marks; (c) false advertising under 15 U.S.C §1125(a); and (d) unfair and deceptive acts and practices which affects commerce under N.C.G.S.A. § 75-1.1.

4. This case is "exceptional" under 15 U.S.C. § 1117 for the Lanham Act claims in this litigation.

5. Whirlpool is entitled to recover $17,570,028 in trebled damages for Filters Fast's unfair and deceptive practices under N.C.G.S.A. § 75-1.1.

6. Whirlpool is entitled to an award of reasonable attorney fees in the amount of $1,180,911.

7.    Whirlpool is entitled to an award of prejudgment interest in the amount of $677,772.48.

8.    Whirlpool is entitled to a money judgment encompassing the trebled jury verdict plus attorney fees plus prejudgment interest in the amount of $19,428,711.48.

9.    Defendant, its officers, agents, servants, employees, associates, and other persons who are acting in concert or participated therewith are hereby permanently enjoined as of the date hereof from:

    a.    In any online product listings or commercial advertisements for non-Whirlpool refrigerator water filters, using any of the Whirlpool Marks (Whirlpool®, EveryDrop®, KitchenAid®, Maytag®, Amana®, and PuriClean®) or model numbers of genuine Whirlpool filters at the beginning of product titles or product descriptions to name, identify, or otherwise describe such non-Whirlpool refrigerator water filters, including but not limited to such online product listings or commercial advertisements on www.filtersfast.com;

    b.    In any online product listings or commercial advertisements, using any of the Whirlpool Marks to falsely or misleadingly identify or suggest the source of any non-Whirlpool refrigerator water filters, or describing Whirlpool as affiliated with, or sponsoring or approving any non-Whirlpool refrigerator water filters;

    c.    In any online product listings or commercial advertisements for non-Whirlpool refrigerator water filters, using any images of a Whirlpool refrigerator water filter as depicting the non-Whirlpool refrigerator water

filter being advertised or offered for sale, including but not limited to such online product listings or commercial advertisements on www.filtersfast.com;

d.    Engaging in the practice of automatically redirecting online consumers from product listings or commercial advertisements for genuine Whirlpool refrigerator water filters to product listings offering only non-Whirlpool refrigerator water filters for sale, including but not limited to such commercial sales activities on www.filtersfast.com;

e.    Submitting product descriptions, commercial advertisements, or web links to product listings for any non-Whirlpool refrigerator water filters to any third-party which: (a) use any of the Whirlpool Marks or model numbers of genuine Whirlpool filters at the beginning of such product descriptions, commercial advertisements, or web links to name, identify, or describe such non-Whirlpool refrigerator water filters; or (b) which direct online consumers from product listings naming, identifying, displaying or otherwise describing Whirlpool refrigerator water filters to product listings offering non-Whirlpool refrigerator water filters for sale; and

f.    In any online product listings or commercial advertisements for non-Whirlpool refrigerator water filters, making any false statements regarding the filtration capabilities of the non-Whirlpool filters, including but not limited to false statements that the non-Whirlpool refrigerator water filters have been certified by any third-party organization to remove certain contaminants.

10.     Other than as specified herein, each party shall bear its own costs and attorneys' fees as they relate to any claims or counterclaims raised in the Litigation.

11.     This Court shall retain jurisdiction over Whirlpool and Filters Fast for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement.

12.     This Consent Judgment and Permanent Injunction constitutes a final adjudication of the issues of trademark infringement, false designation of origin, false advertising, and unfair and deceptive trade practices raised in the Litigation.

IT IS SO ORDERED, DECREED and ADJUDGED.

Signed: May 28, 2019

Frank D. Whitney
Chief United States District Judge